ORIGINAL

FILED IN CLERK'S OFFICE
U S D C  Atlanta

OCT 0 3 2007

JAMES N. HATTEN, CLERK
By: [signature] White
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MY VIET LE,<br>    Plaintiff | )<br>)<br>) CIVIL ACTION<br>) FILE NO |
| vs. | )<br>)<br>) **1  07-CV-2437** |
| COLLECTCORP CORPORATION,<br>    Defendant | )<br>) **JURY TRIAL DEMANDED**<br>) |

**-MHS**

## COMPLAINT

Plaintiff My Viet Le, by and through counsel, brings this action against

Defendant Collectcorp Corporation (hereinafter "Collectcorp") on the grounds and

in the amounts set forth herein

### I. PRELIMINARY STATEMENT

1.    This action seeks redress for the Defendant's violations of the Fair Debt

Collection Practices Act (hereinafter "FDCPA") 15 U.S.C  § 1692, *et seq.* in

connection with the collection of a consumer debt.

## II.  PARTIES

2      Plaintiff My Viet Le is a natural person and a "consumer" as defined by the

FDCPA, 15 U S.C  § 1692a(3).

3      Defendant Collectcorp is a Georgia foreign corporation engaged in the

business of collecting debts in the state of Georgia

4.     Defendant Collectcorp may be served via its Registered Agent for Service of

Process· C T Corporation Service, 1201 Peachtree Street, Atlanta, Georgia

30361.

5.     Defendant Collectcorp is engaged in the collection of debts from consumers

using the mail and telephone.

6.     Defendant Collectcorp regularly attempts to collect consumer debts alleged

to be due to another

7.     Defendant Collectcorp is a "debt collector" as defined by the FDCPA, 15

U S C. § 1692a(6)

## III.  JURISDICTION AND VENUE

8      Jurisdiction is conferred on this Court by FDCPA, 15 U.S C  §1692k(d) and

28 U S C  §1331

9      Venue in this District is proper in that the Defendant transacts business here

and the conduct complained of occurred here

.

## IV.  STATUTORY STRUCTURE

10    The FDCPA was passed to eliminate abusive debt collection practices by
      debt collectors, to insure that those debt collectors who refrain from using
      abusive debt collection practices are not competitively disadvantaged, and to
      promote consistent State action to protect consumers against debt collection
      abuses. 15 U.S.C § 1692

11    Under the FDCPA, a "consumer" is any natural person obligated or
      allegedly obligated to pay any debt. 15 U S C §1692a(3)

12    Under the FDCPA, "debt" means any obligation or alleged obligation of a
      consumer to pay money arising out of a transaction in which the money,
      property, insurance, or services which are the subject of the transaction are
      primarily for personal, family, or household purposes   15 U S C §
      1692a(5)

13.   Under the FDCPA, a "debt collector" is any person who uses any
      instrumentality of interstate commerce or the mails in any business the
      principal purpose of which is the collection of any debts, or who regularly
      collects or attempts to collect, directly or indirectly, debts owed or due or
      asserted to be owed or due to another   15 U S.C. § 1692a(6).

14     Any debt collector who fails to comply with the provisions of the FDCPA is

liable for any actual damage sustained; statutory damages up to $1,000,

attorneys' fees as determined by the Court and costs of this action  15 U.S.C.

§ 1692k

## V. FACTUAL ALLEGATIONS

15.    Defendant Collectcorp was engaged in the collection of a consumer purpose

debt allegedly owed by the Plaintiff to MBNA America Bank, N.A. for a

consumer purpose credit card (hereinafter "account" or "debt")

16.    Plaintiff's native language is Vietnamese and English is her second

language.

17     Upon information and belief, Plaintiff opened the account with MBNA

America Bank, N A  in May 1999.

18     In 2006, Plaintiff's MBNA American Bank, N A  account became a Bank of

America account.

19     Upon information and belief, the Plaintiff's account went into default in

June 2006 due to unexpected medical issues.

20.    Upon information and belief, Bank of America assigned the account to

Collectcorp for collection

21    On or about May 23, 2007, Defendant Collectcorp sent written
      correspondence to the Plaintiff regarding the account  Exhibit 1.

22.   The May 23, 2007 correspondence from the Defendant is signed by Mr
      Clements and provides a phone number to contact him.  Exhibit 1.

23    On October 2, 2007, Plaintiff telephoned the Defendant regarding the debt.

24    On October 2, 2007, Plaintiff asked to speak with Mr. Clements.

25.   On October 2, 2007, Defendant Collectcorp's representative informed the
      Plaintiff that Mr. Clements was unavailable to speak with her but that she
      could assist her regarding the account.

26    On October 2, 2007, Defendant Collectcorp informed the Plaintiff that the
      debt was pending legal

27    On October 2, 2007, Defendant Collectcorp informed the Plaintiff that the
      account was opened in May 1999 and paid up thru April 28, 2007

28    On October 2, 2007, Defendant Collectcorp informed the Plaintiff that the
      account was going to be recalled by Bank of America.

29    On October 2, 2007, Plaintiff asked Defendant Collectcorp if she could
      repay the debt directly to Bank of America because the account was going to
      be recalled.

30    On October 2, 2007, Defendant Collectcorp replied to the Plaintiff: "am I
      speaking in English because I think I just made it very clear at this point in
      time we have it."

31    On October 2, 2007, Defendant Collectcorp told the Plaintiff that she was
      just looking for a reason to stall repayment of the debt

32    On October 2, 2007, Plaintiff asked Defendant Collectcorp if she could
      make a payment arrangement to repay the debt in installments.

33    On October 2, 2007, Defendant Collectcorp told the Plaintiff that they could
      not offer payment arrangements

34    On October 2, 2007, Defendant Collectcorp told the Plaintiff that when the
      account leaves here its going to go back to the bank and its either going to an
      attorney's office or a collection agency is going to purchase the debt and you
      are going to end up paying triple the amount and if it goes to court you are
      going to end up with a judgment and in Georgia they can garnish your wages
      up to 25%.

35.   On October 2, 2007, Plaintiff asked Defendant Collectcorp if they were
      going to take legal action against her.

36    On October 2, 2007, Defendant Collectcorp told the Plaintiff that we will
      make our recommendation to Bank of America and there will be a property

and asset search done effective today and I will be verifying employment

and once I have all of that information I will be sending it back to the bank

as a refusal to pay

37.    On October 2, 2007, Defendant Collectcorp told the Plaintiff that the debt

was placed there with a $3,437 balance and they have already added almost

$500 in interest; so by the time she pays off the account in three or four

months, then it's going to be well over four-grand

38    On October 2, 2007, Defendant Collectcorp told the Plaintiff: "You called

here asking to speak to the supervisor here, what were you going to say to

him, I would have been wasting his time if I had got him on the phone "

39    The Defendant knew or should have known that its actions violated the

FDCPA.

40    At all times pertinent hereto, Defendant Collectcorp was acting by and

through its agents, servants, and/or employees, who were acting within the

scope and course of their employment, under the direct supervision and

control of Collectcorp

41    At all times pertinent hereto, the conduct of the Defendant was malicious,

intentional, willful, reckless, negligent and in wanton disregard for federal

law and the rights of the Plaintiff herein

42.    Plaintiff sustained actual damages, including but not limited to, physical

pain, emotional and mental pain, anguish, anger, anxiety, fear, and

frustration.

43     As a result of the Defendant's conduct, Plaintiff has sustained actual

damages including but not limited to, physical, emotional, and mental pain

and anguish, anger, anxiety, and frustration and she will continue to suffer

same for an indefinite time in the future, all to her great detriment and loss.

## VI. CAUSES OF ACTION

44     Defendant Collectcorp violated the FDCPA, 15 U S C. § 1692 *et seq.*

45     Defendant Collectcorp violated the FDCPA by using false, deceptive and/or

misleading representations or means in connection with the collection of a

debt, in violation of 15 U.S.C  § 1692e.

46     Defendant Collectcorp violated the FDCPA by falsely representing the

amount of the debt, in violation of 15 U.S.C  § 1692e(2)(A).

47     Defendant Collectcorp violated the FDCPA by falsely representing the legal

status of the debt, in violation of 15 U.S.C. § 1692e(2)(A)

48.    Defendant Collectcorp violated the FDCPA by falsely representing that

nonpayment of the debt would result in garnishment, when no judgment had

been issued against the Plaintiff for the debt, in violation of 15 U S.C §
1692e(4)

49      Defendant Collectcorp violated the FDCPA by threatening to take action
that could not legally be taken and/or that was not intended to be taken, in
violation of 15 U.S C. § 1692e(5)

50      Defendant Collectcorp violated the FDCPA by using false representations
and/or deceptive means to collect on a debt, in violation of 15 U.S C. §
1692e(10).

51.     As a result of the foregoing violations of the FDCPA, Defendant Collectcorp
is liable to Plaintiff for actual damages, statutory damages, and attorney fees
and costs in accordance with 15 U.S.C. § 1692k

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff My Viet Le prays that judgment be entered against
Defendant Collectcorp Corporation for the following·

A.      Award Plaintiff actual damages in an amount determined by a jury;

B       Award Plaintiff statutory damages of $1,000.00;

C.      Award Plaintiff costs of this action, including reasonable attorneys'
fees and expenses; and

D.      Such other and further relief that the Court deems just and proper

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues

Dated. October 3, 2007.

Respectfully submitted,

LAW OFFICE OF LISA D WRIGHT, LLC

By:
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net