**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MY VIET LE,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Action File No.** |
| | * | **1:07cv2437-MHS-RGV** |
| **COLLECTCORP** | * | |
| **CORPORATION,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**ANSWER AND DEFENSES OF DEFENDANT**
**COLLECTCORP CORPORTION TO COMPLAINT**

COMES NOW COLLECTCORP CORPORATION ("COLLECTCORP"),

Defendant in the above-styled civil action, and submits this, its Answer and

Defenses to the Complaint and shows the Court as follows:

FIRST DEFENSE

Some or all of the claims in the Complaint fail to state a claim against

COLLECTCORP upon which relief can be granted.

SECOND DEFENSE

COLLECTCORP is not liable to Plaintiff for alleged violations of the Fair

Debt Collection Practices Act ("FDCPA") because any such violations were not

1

intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## THIRD DEFENSE

COLLECTCORP is not liable to Plaintiff for alleged violations of the FDCPA to the extent that any amount it collected or attempted to collect from Plaintiff was expressly authorized by the agreement creating the debt or otherwise permitted by law.

## FOURTH DEFENSE

Any damages allegedly suffered by Plaintiff were not proximately caused by COLLECTCORP.

## FIFTH DEFENSE

Plaintiff is not entitled to an award of actual or statutory damages under the FDCPA because she suffered no damages as a result of COLLECTCORP's alleged conduct.

## SIXTH DEFENSE

COLLECTCORP is not liable to Plaintiff for alleged violations of the FDCPA to the extent that COLLECTCORP's alleged acts or omissions were made in good faith in conformity with any advisory opinion of the Federal Trade Commission.

## SEVENTH DEFENSE

Plaintiff is not entitled to an award of actual, punitive, or additional damages under the FDCPA cited because she suffered no damages as a result of COLLECTCORP'S alleged conduct.

## EIGHTH DEFENSE

COLLECTCORP is not liable to Plaintiff for alleged violations of the FDCPA to the extent that Plaintiff did not provide in writing within the 30 days prescribed in 15 U.S.C. § 1692g(a) that the debt was disputed as required in 15 U.S.C. § 1692g(b).

## NINTH DEFENSE

As its Ninth Defense, COLLECTCORP responds to the allegations in the Complaint as follows:

## **PRELIMINARY STATEMENT**

1.

To the extent that a response is required to the allegations contained in paragraph 1 of the Complaint, COLLECTCORP admits only that the Complaint appears to be an action filed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., but expressly denies it violated the FDCPA and denies all remaining allegations contained in paragraph 1 of the Complaint.

## **PARTIES**

2.

COLLECTCORP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore, denies same.

3.

COLLECTCORP admits only that it conducts business within the State of Georgia, states that it is a Delaware corporation and denies the remaining allegations contained in paragraph 3 of the Complaint.

4.

COLLECTCORP admits the allegations contained in paragraph 4 of the Complaint.

5.

COLLECTCORP admits the allegations contained in paragraph 5 of the Complaint.

6.

COLLECTCORP admits the allegations contained in paragraph 6 of the Complaint.

7.

COLLECTCORP admits the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.

COLLECTCORP admits only that this Court appears to have subject matter jurisdiction over the Complaint and denies the remaining allegations contained in paragraph 8 of the Complaint.

9.

COLLECTCORP admits only that venue as to it appears to be proper in the United States District Court for the Northern District of Georgia and denies the remaining allegations contained in paragraph 9 of the Complaint.

## STATUTORY STRUCTURE

10.

COLLECTCORP states that 15 U.S.C. § 1692 of the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 10 of the Complaint.

11.

COLLECTCORP states that 15 U.S.C. § 1692a(3) of the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 11 of the Complaint.

12.

COLLECTCORP states that 15 U.S.C. § 1692a(5) of the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 12 of the Complaint.

13.

COLLECTCORP states that 15 U.S.C. § 1692a(6) of the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 13 of the Complaint.

14.

COLLECTCORP states that 15 U.S.C. § 1692k of the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

### 15.

COLLECTCORP admits only that Bank of America placed an account with it for collection which was allegedly due by Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and therefore, denies same.

### 16.

COLLECTCORP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore, denies same.

### 17.

COLLECTCORP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore, denies same.

### 18.

COLLECTCORP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, denies same.

19.

COLLECTCORP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore, denies same.

20.

COLLECTCORP admits only that Bank of America placed an account with it for collection which was allegedly due by Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint, and therefore, denies same.

21.

COLLECTCORP admits the allegations contained in paragraph 21 of the Complaint and states that Exhibit 1 to the Complaint ("Exhibit 1") speaks for itself.

22.

COLLECTCORP states that Exhibit 1 speaks for itself and denies the remaining allegations contained in paragraph 22 of the Complaint.

23.

COLLECTCORP admits only that an individual identifying herself as My Viet Le placed a call to COLLECTCORP on October 2, 2007 and is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 23 of the Complaint, and therefore, denies same.

24.

COLLECTCORP admits the allegations contained in paragraph 24 of the Complaint.

25.

COLLECTCORP admits the allegations contained in paragraph 25 of the Complaint.

26.

COLLECTCORP denies the allegations contained in paragraph 26 of the Complaint.

27.

COLLECTCORP denies the allegations contained in paragraph 27 of the Complaint.

28.

COLLECTCORP admits the allegations contained in paragraph 28 of the Complaint.

29.

COLLECTCORP denies the allegations contained in paragraph 29 of the Complaint.

30.

COLLECTCORP denies the allegations contained in paragraph 30 of the Complaint.

31.

COLLECTCORP denies the allegations contained in paragraph 31 of the Complaint.

32.

COLLECTCORP denies the allegations contained in paragraph 32 of the Complaint.

33.

COLLECTCORP denies the allegations contained in paragraph 33 of the Complaint.

34.

COLLECTCORP denies the allegations contained in paragraph 34 of the Complaint.

35.

COLLECTCORP denies the allegations contained in paragraph 35 of the Complaint.

36.

COLLECTCORP denies the allegations contained in paragraph 36 of the Complaint.

37.

COLLECTCORP denies the allegations contained in paragraph 37 of the Complaint.

38.

COLLECTCORP denies the allegations contained in paragraph 38 of the Complaint.

39.

COLLECTCORP denies the allegations contained in paragraph 39 of the Complaint.

40.

COLLECTCORP admits only that it was acting by and through its agents, servants and/or employees and denies the remaining allegations contained in paragraph 40 of the Complaint.

41.

COLLECTCORP denies the allegations contained in paragraph 41 of the Complaint.

42.

COLLECTCORP denies the allegations contained in paragraph 42 of the Complaint.

43.

COLLECTCORP denies the allegations contained in paragraph 43 of the Complaint.

## CAUSES OF ACTION

44.

COLLECTCORP denies the allegations contained in paragraph 44 of the Complaint.

45.

COLLECTCORP denies the allegations contained in paragraph 45 of the Complaint.

46.

COLLECTCORP denies the allegations contained in paragraph 46 of the Complaint.

47.

COLLECTCORP denies the allegations contained in paragraph 47 of the Complaint.

48.

COLLECTCORP denies the allegations contained in paragraph 48 of the Complaint.

49.

COLLECTCORP denies the allegations contained in paragraph 49 of the Complaint.

50.

COLLECTCORP denies the allegations contained in paragraph 50 of the Complaint.

51.

COLLECTCORP denies the allegations contained in paragraph 51 of the Complaint.

52.

To the extent Plaintiff's unnumbered Prayer for Relief following paragraph 51 of the Complaint requires a response, COLLECTCORP denies the allegations made against it therein, including subparts A through D, and further denies that

Plaintiff is entitled to any damages or other relief against COLLECTCORP whatsoever under any theory.

53.

Any allegation in the Complaint not specifically responded to hereinabove is hereby denied.

WHEREFORE, having fully answered the Complaint, COLLECTCORP demands judgment in its favor, that it be dismissed with prejudice from this action, that all costs be cast upon Plaintiff, and for such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

COLLECTCORP demands a trial by jury on all issues raised in the pleadings.

This 23rd day of October 2007.

THE FINLEY FIRM, P.C.

s/ Michelle LeGault
Michelle LeGault
Georgia Bar No. 508231
Lara P. Percifield
Georgia Bar No. 143081
Attorneys for Defendant COLLECTCORP

2931 N. Druid Hills Road, Suite A
Atlanta, GA 30329
404-320-9979 (telephone)
404-320-9978 (facsimile)

mlegault@thefinleyfirm.com
lpercifield@thefinleyfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MY VIET LE,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Action File No.** |
| | * | **1:07cv2437-MHS-RGV** |
| **COLLECTCORP** | * | |
| **CORPORATION,** | * | |
| | * | |
| **Defendant.** | * | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the undersigned electronically filed the ANSWER AND DEFENSES OF DEFENDANT COLLECTCORP CORPORATION TO COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Lisa D. Wright, Esq.
attorneywright@prodigy.net

This 23rd day of October 2007.

**THE FINLEY FIRM, P.C.**

<u>s/ Michelle LeGault</u>
Michelle LeGault
Georgia Bar No. 508231
Lara P. Percifield

16

                                        Georgia Bar No. 143081
                                        Attorneys for Defendant COLLECTCORP

2931 N. Druid Hills Road, Suite A
Atlanta, GA 30329
404-320-9979 (telephone)
404-320-9978 (facsimile)
mlegault@thefinleyfirm.com
lpercifield@thefinleyfirm.com